872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert H. JOHNSON, Jr., Plaintiff-Appellant,
v.
PARK SHORE MARINA, John L. Landow, doing business as Park
Shore Marina, Steven M. Palatinas, doing business as Park
Shore Marina, Lake Shore Products, Inc., Defendants, Third
Party Plaintiffs-Appellees,
Arthur D. ANDERSON, Joanne Anderson, Gerald F. Connor,
Catherine M. Connor, Third Party Defendants.
 No. 88-1769.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before BOYCE F. MARTIN, KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Herbert H. Johnson (Johnson), has appealed from the decision of the district court granting summary judgment in favor of the defendants-appellees Park Shore Marina, John L. Landow, Steven M. Palatinas, and Lakeshore Products, Inc. denying Johnson's claim that defendants had a duty to warn divers about the dangers posed by diving off a dock into shallow water. Under Michigan law, "there is no duty to warn or to protect against dangers which are obvious." Pettis v. Nalco Chemical Co., 388 N.W.2d 343, 346 (Mich.Ap.1986). See also Ross v. Jaybird Automation, Inc., 432 N.W.2d 374 (Mich.App.1988) ("there is no duty to warn of known or obvious product-connected dangers where the product itself is not defective or dangerous"). In the case at bar, there is no dispute that the dock itself was not defective or dangerous. Because the dangers of diving into unknown waters are open and obvious, as Johnson himself conceded in his deposition testimony, there was no duty to warn about the danger. Upon review of the claimant's assignments of error, the record in its entirety, the briefs of the parties and the arguments of counsel, this court concludes that the entry of summary judgment was without error.
 
 
 2
 Accordingly, the summary judgment in favor of defendants-appellees is AFFIRMED for the reasons stated in the district court's June 10, 1988 opinion granting summary judgment.